## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 09 B 41752 |
| Irene Harris | ) | Judge Hon. Cox |
| | ) | CHAPTER 13 |
| _____ | )_____ | |
| | ) | |
| Irene Harris | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | ADV. NO. 10 AP 00088 |
| | ) | |
| Citi Financial Mortgage, | ) | |
| | ) | |
|     Defendant. | ) | |

## **DEFAULT JUDGMENT**

This matter comes before the Court on the Complaint filed by the Debtors ("Plaintiff") to Determine the Value of Security and Release of CitiFinancial Mortgage Company Inc's Underlying Lien on Debtors' Property.

**IT IS HEREBY ORDERED :**

1. Defendant has a duly recorded and valid mortgage lien on the real estate commonly known as 7158 S. Morgan, Chicago, IL 60621 (the "Property").

2. That at the time of filing the underlying Chapter 13 Case No. 09 B 41752 (the "Bankruptcy Case"), Defendant's mortgage lien was completely unsecured.

3. Defendant's claim shall be treated and paid as a general unsecured claim under Debtor's confirmed Chapter 13 Plan.

4. Within 30 days after Debtor obtains a Chapter 13 discharge in the Bankruptcy Case, Defendant shall file a release of its mortgage lien with the Cook County Recorder.

5. If Plaintiff fails to obtain a discharge in the underlying case by any means, or if the case is dismissed or converted to a case under any other Chapter of the Bankruptcy Code, Defendant shall retain its lien as if the Chapter 13 Bankruptcy case had never been filed, as well as all rights and remedies conferred upon it under non-bankruptcy law.

DATED:                                    ENTERED:

_____            _____
                                          Bankruptcy Judge

___/S/_Brian R. Zeft_____
Attorney for Plaintiff

Robert J. Semrad & Associates
20 S. Clark Street
28th Floor
Chicago, IL 60603
312-913-0625